# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MARY E. GATES, etc.,

    Plaintiff,

v.                                      CASE NO.  4:07cv231-RH/WCS

BOARD OF DIRECTORS OF
THE FLORIDA HIGH SCHOOL
ATHLETIC ASSOCIATION, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

      This matter is before the court on the magistrate judge's report and recommendation (document 6).  No objections have been filed.

      The plaintiff brought this action on behalf of her daughter, who was a high school basketball player of considerable ability.  The player had applied to the Florida High School Athletic Association for a hardship exemption that would have allowed her to play during her senior year.  The plaintiff asserts that two coaches of opposing teams voted to deny the application.  The plaintiff says they

had a conflict of interest.

The plaintiff asserts claims under the due process clause and Title IX of the Civil Rights Act of 1964 as amended. The plaintiff has suggested no factual basis for any Title IX claim. The only significant issue is whether the plaintiff has stated a claim under the due process clause.

Under the settled law of the circuit, a student's interest in playing interscholastic sports is not protected by the due process clause. *See Davenport v. Randolph County Bd. of Educ.*, 730 F.2d 1395, 1397 (11th Cir. 1984) ("This court has held that '[t]he privilege of participating in interscholastic activities must be deemed to fall . . . outside the protection of due process.'") (quoting *Mitchell v. La. High Sch. Athletic Ass'n,* 430 F.2d 1155, 1158 (5th Cir. 1970)); *Walsh v. La. High Sch. Athletic Ass'n*, 616 F.2d 152, 159 (5th Cir.1980) ("A student's interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement."); *Parish v. NCAA*, 506 F.2d 1028, 1034 (5th Cir.1975) (rejecting challenge to athletic association's academic-eligibility rule and concluding that the privilege of participating in interscholastic athletics is not protected by the due process clause), *overruled on other grounds by McCormack v. Nat'l Collegiate Athletic Ass'n*, 845 F.2d 1338, 1345 (5th Cir. 1988). *See also James* ex rel. *Singleton v. Tallassee*

*High Sch.*, 907 F. Supp. 364, 366-367 (M.D. Ala. 1995) ("[A] majority of the federal courts addressing the question have determined that a student does not have a cognizable property interest in participating in extracurricular activities at public institutions."); *Stewart v. Bibb County Bd. of Educ.*, No. 5:04 CV 365, 2006 WL 449197, at *2  (M.D. Ga. Feb. 23, 2006) (unpublished) ("Because Plaintiffs had no constitutionally protected right to participate in interscholastic sports, they had no protectable property or liberty interest to establish a due process claim.")

*Davis* is an Eleventh Circuit decision that of course must be followed in this case.  *Walsh*, *Parrish*, and *Mitchell* are also binding.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207-08 (11th Cir. 1981).  Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The clerk shall enter judgment stating, "This action is DISMISSED with prejudice."  The clerk shall close the file.

SO ORDERED this 9th day of May, 2008.

s/Robert L. Hinkle  
Chief United States District Judge
